COBURN and others *v.* CEDAR VALLEY LAND & CATTLE Co., Limited.

CEDAR VALLEY LAND & CATTLE Co., Limited, *v.* COBURN and others.

*(Circuit Court, W. D. Missouri, W. D.   July, 1886.)*

1. SETTLEMENT—PENDING LITIGATION—PRESUMPTION AS TO COMPLETENESS AND FINALITY.
    Wherever parties are in litigation, having antagonistic claims, and a settlement is proposed and accepted, it will be presumed that all matters in controversy in that litigation were included within the settlement, unless the contrary clearly appears.

2. SAME—EVIDENCE REVIEWED—COSTS.
    The evidence in this case reviewed at length, and *held*, that there has been a full settlement of all the matters in controversy, and that the several bills and cross-bills must be dismissed, each party paying his own costs.

In Equity.   Bill and cross-bill.

For a statement of the facts in this case, see 25 Fed. Rep. 791.

Coburn & Ewing applied for a rehearing, see *post*, 586.

*Karnes & Ess* and *J. G. Waters,* for Coburn & Ewing.

*George W. McCrary* and *Adams & Field,* for the Company.

BREWER, J.   There have been two actions pending between these parties in each of which both bill and cross-bill were filed.   While thus pending, negotiations for settlement were entered into, which have resulted in a settlement, and the question now presented is the extent of that settlement.   After several propositions had been made by both parties, on the twenty-seventh of February, the cattle company sent to Coburn & Ewing a letter in which all propositions of theirs were declined, and in which it was stated that "the only terms upon which the board can agree to compromise the claim of the com-

pany are as follows:" This proposition was unconditionally accepted, and its terms have been complied with by Coburn & Ewing. Now they insist that all that was settled was the claim of the company as presented in its pleadings, while their claims remain open and undisposed of. The company, on the other hand, insists that all the matters in controversy, including all the claims of both parties presented in these two actions, were included in the settlement and are disposed of by the same. I think the company is right, and for these reasons:

1. Wherever parties are in litigation, having antagonistic claims, and a settlement is proposed and accepted, it will be presumed that all matters in controversy in that litigation are included within the settlement, unless the contrary clearly appears.

2. It is perfectly obvious that the cattle company intended by its proposition to cover all the claims in controversy. It is true, in the letter it says "the claim of the company;" and in a narrow and technical sense that undoubtedly means simply its cause of action, and would not embrace any distinct cause of action in behalf of the adverse party. But it is not a strained or unnatural use of language to construe it as applicable to the amount which the company claimed as the balance due after the adjustment and settlement of the respective claims of both parties. That such was the intent of the company is obvious from a preceding paragraph of that letter in which the company uses this language:

"The board have under their very careful consideration Messrs. Karnes & Ess' letter, dated the twenty-sixth of January, 1886, containing two alternative offers by Messrs. Coburn & Ewing for the settlement of the claims made by the Cedar Valley Land & Cattle Company upon them."

In this is seen it speaks of offers made for settlement of the claims of the company, claims made by the company upon Coburn & Ewing. Turning to the letter referred to, we find that it was in terms a proposition for settlement of the entire controversy, and including the claims of both parties. Thus, in its letter proposing this settlement, the company placed an unmistakable interpretation upon the expression "claim of the company."

Further, immediately upon receipt of the letter accepting this proposition, counsel for the company wrote a letter, which was received by Coburn & Ewing, in which he stated, "of course it is understood that the settlement embraces all the matters involved in the pending litigation in the several suits between the parties." So not only is the intent of the company clear, but it is also clear that Coburn & Ewing had full notice of that intent. Now, a contract (and this settlement is nothing but a contract) implies the agreement of two minds as to certain matters. What the company intends is clear, and that Coburn & Ewing had knowledge of that intent is equally clear. Of course, if they proceeded with the settlement with notice of what the

company meant by the terms used, they accepted the contract upon that basis.

Further, on the twenty-ninth of April, after the acceptance of this proposition of settlement, a bond was presented to Mr. Coburn which contained this language: "In accordance with our letter of date February 27, 1886, accepting terms of compromise between us." Not satisfied with this language, Mr. Coburn, in his own hand-writing, interlined these words after the word "compromise," "of all pending litigation," which clearly shows that he understood that the settlement covered all the claims in controversy.

Finally and chiefly, these actions were pending in a court of equity, and such a court will see that good faith and fair dealing are observed by both parties. After this proposition had been made and accepted, and before anything had been done except handing to counsel some certificates of stock, Coburn & Ewing were clearly notified of what the company intended by this proposition. Much remained to be done; cattle were to be valued, counted, and delivered; it was an easy thing to hand back the certificates of stock. If they were unwilling to accept the settlement when informed what the company understood and intended by the proposition, it was their duty to say: "We have misunderstood the scope of your proposition. If you mean all that you now say, we did not accept it; we have never come to any agreement." Instead of that, after full notice they go on and comply with all the terms of the proposition. It is too late for them now to say: "We did not suppose that the proposition meant all that the company now claims; we thought it meant only a settlement of half the case, and insist upon the right to prosecute the other half."

I think the parties are entitled to a decree, reciting that upon the evidence presented the court finds that there has been a full settlement of all the matters in controversy, and ordering that the several bills and cross-bills be dismissed, each party paying its own costs.